UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                   :
ROBERT A. MCGARREY,                :
                                   :
         Plaintiff,                :
                                   :
    v.                             :        Civil Action No. 09-5163 (FSH)
                                   :
DR. HUSSAIN et al.,                :        OPINION & ORDER
                                   :
         Defendants.               :
_____:


        This matter having come before the Court by way of Plaintiff Robert A. McGarrey's

motion for reconsideration of the Order dated March 15, 2010, denying Plaintiff's application for

the appointment of pro bono counsel [Docket No. 7];[1]

        and the Court having considered the March 15, 2010 Order and Plaintiff's submissions;[2]

        and the Court deciding this motion without oral argument pursuant to Fed. R. Civ. P. 78

and L. Civ. R. 78.1 as the submission, dated March 19, 2010, clearly sets forth Plaintiff's

_____

        [1] The March 15, 2010 Opinion and Order applied the factors set forth in Tabron v. Grace,
6 F.3d 147, 158 (3d Cir. 1993), and denied Plaintiff's application for appointment of pro bono
counsel [Docket Entry No. 7] for failing to satisfy the factors.

        [2] Plaintiff argues that the Court should reconsider its March 15, 2010 because it did not
take into account certain evidence regarding Plaintiff's ability to represent himself.  (Pl.'s Mot.
for Recons.)  First, Plaintiff asserts that he does not have the ability to present his own case
because he has a fourth to fifth grade education level and his IQ level falls within the category of
borderline mental retardation.  Id.  Second, Plaintiff argues that he would be unable to conduct
discovery because he is incarcerated and limited to a wheel chair.  Id.  Third, Plaintiff asserts that
he cannot afford to retain counsel.  Id.  Fourth, Plaintiff argues that he would be unable to obtain
expert witness testimony.  Id.  Finally, Plaintiff asserts that he has no relationship to the cases
named in the March 15, 2010 Order that the Court found to show Plaintiff's litigation experience
and his ability to obtain counsel.  Id.

-1-

argument;

and a motion for reconsideration being governed by L. Civ. R. 7.1(i);

and L. Civ. R. 7.1(i) providing for the reconsideration of an order if the motion for the same is filed within 14 days after entry of the disputed order;

and the docket reflecting that the Order was entered on March 15, 2010 and the motion for reconsideration was postmarked March 31, 2010,[3] and therefore the motion is timely;

and the Court noting that the purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence," Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985); see also P. Shoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001); Yurecko v. Port Auth. Trans-Hudson Corp., 279 F. Supp. 2d 606, 609 (D.N.J. 2003);

and a court may grant a properly filed motion for reconsideration for one of three reasons: "(1) [a]n intervening change in the controlling law has occurred, (2) evidence not previously available has become available, or (3) it is necessary to correct a clear error of law or prevent manifest injustice," Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991)); see also Carmichael v. Everson, Civ. No. 03-4787, 2004 WL 1587894 at *1 (D.N.J. May 21, 2004);

and L. Civ. R. 7.1(i) requiring that the moving party set forth "concisely the matters or controlling decision which counsel believes the Court has overlooked," G-69 v. Degnan, 748 F.

---

[3]The plaintiff mailed his request directly to Chambers. As a courtesy, the Court will file the plaintiff's submission.

Supp. 274, 275 (D.N.J. 1990);

and a motion for reconsideration being improper when it is used to "ask the Court to rethink what [it] had already thought through — rightly or wrongly," Ciba-Geigy Corp. v. Alza Corp., Civ. No. 91-5286, 1993 WL 90412, at *1 (D.N.J. Mar. 25, 1993) (citing Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. of Md., 744 F. Supp. 1311, 1314 (D.N.J. 1990), rev'd on other grounds, 989 F.2d 635 (3d Cir. 1993));

and because reconsideration of a judgment after its entry is an extraordinary remedy, motions to reconsider or reargue being granted "very sparingly," Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986); Damiano v. Sony Music Entm't, Inc., 975 F. Supp. 623, 634 (D.N.J. 1997);

and the movant not arguing that there has been an intervening change in the law, that previously unavailable evidence has become available, or that reconsideration is necessary to avoid manifest injustice;

and for the reasons set forth herein;[4]

---

[4] Plaintiff has not met the standard to obtain reconsideration.  Plaintiff repeats the same argument made in his original motion, has not shown that the Court overlooked any applicable law, and has brought nothing to the Court's attention showing that its decision constitutes a clear error of law.

On this motion, other than disclaiming knowledge of other cases filed with a name and inmate number identical to his own, Plaintiff has not presented new evidence unknown to the Court when it filed its March 15, 2010 Order.  Rather, Plaintiff argues that the evidence already known to the Court was not properly considered.  Thus, the motion for reconsideration echoes Plaintiff's earlier motion, and "ask[s] the Court to rethink what [it] had already thought through—rightly or wrongly," Ciba-Geigy Corp., 1993 WL 90412, at *1.  Originally, Plaintiff argued for appointment of pro bono counsel because he was incarcerated, lacked the intelligence to represent himself, and could not afford an attorney.  (Pl.'s Application, Docket No. 7.)  In his motion for reconsideration, Plaintiff makes the same arguments.  He also argues that he cannot obtain expert testimony for the same three reasons.  The Court considered each of these

IT IS on this 26th day of April, 2010

ORDERED that Plaintiff Robert A. McGarrey's March 19, 2010 motion for

reconsideration of the Order dated March 15, 2010 denying Plaintiff's application for the

appointment of pro bono counsel is denied.


s/Patty Shwartz
**UNITED STATES MAGISTRATE JUDGE**

---

arguments and explained why none supported his request for counsel.  The Plaintiff's repetition
of his original arguments is an improper basis to seek reconsideration.

Plaintiff also argues that he does not have litigation experience and has not been able to
retain counsel in the past. The March 15, 2010 Order listed nine cases in which Plaintiff had
previously filed complaints in the District of New Jersey, some of which indicated that
apparently he apparently had appointed counsel.  (Docket Entry No. 10.)  Four of these cases
were consolidated into a class action.  See Alves v. Ferguson, Civ. No. 01-789 (filed Feb. 15,
2001) (class action); McGarrey v. Ferguson, Civ. No. 01-790 (filed Feb. 15, 2001) (consolidated
into 01-789); McGarrey v. Ferguson, Civ. No. 01-4641 (filed Oct. 3, 2001) (consolidated into 01-
790); McGarrey v. Farmer, Civ. No. 01-5032 (filed Oct. 10, 2001) (consolidated into 01-790).
Plaintiff disputes that he has any knowledge of these cases. (Pl.'s Mot. for Recons.)  Notably,
however, his inmate number and name are associated with each of them.  Even if the Court
assumes Plaintiff has no knowledge of these cases and that he was not involved in them, his
alleged lack of litigation experience does not establish that Plaintiff should be appointed counsel
because, in this matter, he has demonstrated his capacity to seek relief and has not otherwise
demonstrated that he is unable to represent himself.  Thus, reconsideration must be denied.

For all these reasons and for those set forth in the March 15, 2010 Opinion, the Court
denies Plaintiff's motion for reconsideration.

-4-